EXHIBIT "A"

**AFFIDAVIT IN SUPPORT OF VERIFIED COMPLAINT *IN REM***

I, William H. Moore, being first duly sworn and under oath, provide the below information in support of the foregoing civil *in rem* complaint for forfeiture of approximately $21,580 in U.S. currency seized from Delbert D. Rundell on or about November 12, 2015, and I depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I am Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and the statements set forth in this affidavit are true and correct to the best of my knowledge.

2.  I have been employed as a Special Agent with ATF since January 2002. I am assigned to the Seattle Field Division, Boise Field Office, Idaho. Prior to my current position with ATF, I was employed with the Salt Lake County Sheriff's Office, Utah, for approximately five years. I am a graduate of the Federal Law Enforcement Training Center, Military Police School (MOS 95B), United States Army Counterintelligence Agents Course (MOS 97B), Utah P.O.S.T Academy and Nevada P.O.S.T. Academy. As a result of my training and experience, including as an ATF Special Agent, I have knowledge of federal drug laws and I know that it is a violation of Title 21 U.S.C. §§ 841 (a) and (b) to knowingly and intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, including methamphetamine.

3.  During my time with the ATF I have been assigned to several drug enforcement units and have participated in multiple narcotics investigations involving (1) the unlawful

importation, exportation, manufacturing, possession with intent to distribute, and distribution of narcotics (including cocaine, methamphetamine, and marijuana), (2) the laundering of narcotics proceeds and monetary instruments derived from narcotics activities, and (3) conspiracies associated with narcotics offenses. My involvement in these investigations has included debriefing defendants, witnesses, and confidential sources; conducting physical and electronic surveillance; executing search and arrest warrants; seizing narcotics and narcotics-related assets; making arrests for narcotics-related offenses; and analyzing documents and records related to drug-trafficking activities and money laundering.

4. Through my training, experience, and interactions, I am familiar with different methods generally used by narcotics traffickers to safeguard, conceal, transport, store, and distribute narcotics and the proceeds of narcotics, including the use of currency as a means to avoid detection by law enforcement and to prevent the tracing of the illegal proceeds which could connect them to the crime. I am aware that drug traffickers often have large sums of currency concealed in proximity to their distribution activities, as the fruits of their recent sales, and also to facilitate their ongoing purchases and sales of drugs.

## PURPOSE OF AFFIDAVIT

5. This affidavit is submitted in support of a warrant of arrest *in rem* for the sum of $21,580 in U.S. currency which was seized from the residence of Delbert Rundell by the High Desert Drug Enforcement Task Force on November 12, 2015. As discussed below, I have probable cause to believe that the $21,580 ("Seized Currency") represents money furnished and intended to be furnished in exchange for a controlled substance; and that it represents proceeds traceable to an exchange for controlled substances; and that it was used or intended to be used to facilitate such a transaction in violation of 21 U.S.C. § 841, *et seq.*; and it is therefore subject to

forfeiture pursuant to 21 U.S.C. § 881(a)(6); alternatively, it could be subject to forfeiture as proceeds or property involved in transactions or an attempted transactions in violation of 18 U.S.C. §§1956 and 1957, or property traceable to such property, which would make it forfeitable pursuant and 18 U.S.C. §§ 981(a)(1)(A).

## BASIS OF INFORMATION

6.      Except as otherwise noted, the information contained in this affidavit has been developed through my personal observations and by the investigation done by members of the ATF High Desert Drug Enforcement Task Force, the Payette County Sheriff's Office, and other law enforcement agents and officers. Unless otherwise noted, in this affidavit I assert information which was provided to me by other law enforcement officers with whom I have spoken, or whose reports I have read and reviewed. The officers may have based their information on either direct or hearsay knowledge. Likewise, information resulting from physical surveillance, except where otherwise indicated, does not necessarily set forth my personal observations but rather it has been provided directly or indirectly through members of ATF, High Desert Drug Enforcement Task Force, Payette County Sheriff's Office, or other law enforcement officers who conducted such surveillance. Likewise, any information pertaining to vehicles and/or registrations, personal data on subjects, and record checks has been obtained through various data bases including the National Crime Information Center (NCIC). Finally, I am aware of the circumstances of the related federal criminal case (Case No. 16-013-S-BLW, United States District Court, District of Idaho) by virtue of my participation in that case and my interactions with others involved in the federal investigation and prosecution of Mr. Delbert Rundell.

## PROBABLE CAUSE

7.      On October 28, 2015, Payette County Sheriff's Department was notified by St. Luke's Hospital in Fruitland, Idaho, that a gunshot victim (later identified as "CJT") had been admitted.

8.      Payette County Sheriff's Department through its criminal investigation learned that Rundell was the person who shot CJT. Payette County Sheriff's Department, with the assistance of the High Desert Drug Enforcement Task Force, applied for and was granted a state search warrant for Rundell's residence in New Plymouth, Idaho.

9.      On November 12, 2015, Payette County Sheriff's Department, the High Desert Drug Enforcement Task Force, the Idaho State Police, the Nampa City Bomb Squad and ATF responded to Rundell's residence and executed the search warrant.

10.     During the execution of the search warrant, a green safe was located in Rundell's bedroom closet; the safe which was taken to the High Desert Task Force and opened by A1-Lock on November 16, 2016. Inside the safe were currency in the amount of $21,580.00, some old coins, jewelry, a .22 pistol, and other miscellaneous items. The currency was immediately taken to Payette County where officers deployed drug-sniffing canine "Kaya." Kaya immediately alerted to the bag containing the currency. The currency was taken to Columbia Bank in Payette and counted twice to confirm the amount seized. A source of information who said he/she had a friend living with Rundell had reported to law enforcement early in the investigation that Rundell was seen selling meth from his residence and had a large amount of firearms. The source said Rundell usually tried to sell during the day time and was closed for business in the evenings. The source also indicated that all of Rundell's money and dope were kept in green bank bags either in the bedroom closet or on his person.

11.     I interviewed High Desert Drug Enforcement Task Force Team Leader Dan

Joines (Deputy, Payette County Sheriff's Office) and reviewed High Desert Drug Enforcement Task Force Report #15-50 / Payette County Sheriff's Office Report # 15020956, which in part, stated that Rundell lived in the aforementioned address by himself at the time of the search warrant. During the search warrant Rundell informed law enforcement that there was methamphetamine located in his residence and Rundell identified the location of the methamphetamine. In the area where the suspected methamphetamine was located, drug use paraphernalia was also recovered. The reports also identify BM and AB (who lived in a motor home parked on Rundell's property). BM stated that she received her methamphetamine from Rundell and that there was a lot of traffic in and out of Rundell's house. AB stated that Rundell dealt in large quantities of methamphetamine and that AB had helped bury at least two pounds of methamphetamine on Rundell's property several weeks prior. The reports also identified AR who stated that she smoked methamphetamine with Rundell. At the time of the search warrant, Rundell was on pre-trial release for possession of a controlled substance (Payette County July 10, 2015 arrest).

12. Rundell entered into a Plea Agreement with the United States on March 17, 2016, in United States District Court, District of Idaho, in criminal case number 16-013-S-BLW, pleading guilty to possession of a firearm by a prohibited person. In the factual basis of his plea, he agreed that he was an unlawful user of controlled substances and was a prohibited person under 18 U.S.C. § 922(g)(3). As part of the terms of his plea agreement Rundell agreed to forfeit all of the firearms listed in the indictment, and he also agreed to the forfeiture of drug proceeds in the amount of "at least $21,580," being the value of the currency seized from his safe, in a civil forfeiture proceeding; these agreements are contained on pages 4 and 6 of his March 17, 2016 plea agreement.

## CONCLUSION

13.     I believe there is probable cause to believe Rundell was participating in drug trafficking and money concealment and transportation to facilitate drug trafficking based on the evidence available to me, including the following:

- Several individuals living at the home who indicated that individuals came and went frequently from the home. One such individual had helped Rundell bury 2 pounds of methamphetamine at the residence;

- One individual who indicated that Rundell kept his drug cash in green bank bags in his bedroom, which is where and how the $21,580.00 in defendant cash was found;

- Rundell's knowledge of methamphetamine stored in his house, and the items of drug paraphernalia and drugs found there during the search;

- The circumstances of the currency's large amount, and the way it was stored at the house; and

- Rundell in his criminal plea agreement agreed to the forfeiture of the defendant cash as the proceeds of drug sales.

14.     Based on the information contained herein, I believe that probable cause exists to seize and forfeit the defendant currency pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: 1) money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 2) monetary proceeds traceable to such an exchange, and 3) money used or intended to be used to facilitate violations of the Controlled Substances Act. It may also be subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as property

involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956 or 1957, or property traceable to such property.

    FURTHER, your affiant sayeth naught.

*William H. Moore* (signature)
William H. Moore, Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

STATE OF IDAHO    )
                            ) ss.
COUNTY OF ADA    )

    Subscribed and sworn to before me this 10th day of August, 2016.

*Katherine M. Sims* (signature)
Notary Public for Idaho
Residing at Nampa ID
My commission expires: 5·18·2022